THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN CICCOLELLI,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 4:21-cr-00109-DN<br><br>District Judge David Nuffer |

      Defendant Michael Ciccolelli ("Ciccolelli") filed his Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Motion")[1] seeking early release from custody based on his health and the health of his mother.[2] Ciccolelli submitted supplemental information in support of his Motion in a letter.[3] The government filed its First Step Act Relief Eligibility Report[4] and United States' Opposition to Defendant's Motion for Compassionate Release.[5] Ciccolelli then filed Michael J. Ciccolelli's Response to United States' Opposition of Defendant's Motion for Compassionate Release.[6] In a related case, Ciccolelli filed additional materials he sought to be included for evaluation of his Motion.[7] After a review of these materials, and for the reasons below, the Motion is DENIED.

---

[1] Docket no. 39, filed April 24, 2024.

[2] Motion at 4.

[3] Docket no. 42, filed July 31, 2024.

[4] Docket no. 41, filed May 25, 2023.

[5] Docket no. 49, filed March 28, 2024.

[6] Docket no. 52, filed May 6, 2024.

[7] Docket no. 4, case no. 4:22-cv-98-DN, filed May 8, 2023.

## Legal Standards

A court may grant a motion for compassionate release and reduce a sentence under 18 U.S.C. 3582(c)(1) if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable."[8] A reviewing court may deny a motion for compassionate release based on any of the three factors listed in § 3582 and need not address all three factors in denying a motion for compassionate release.[9] A motion for compassionate release may be filed by the director of the bureau of prisons, or by a defendant if the defendant has fully exhausted his administrative remedies in petitioning the bureau of prisons to bring a motion on his behalf.[10]

## Analysis

A sentence reduction in this case is not appropriate because: (1) Ciccolelli did not fully exhaust his administrative remedies before bringing his Motion; (2) Ciccolelli does not demonstrate there are extraordinary and compelling reasons to reduce his sentence; and (3) the § 3553(a) factors weigh against granting the Motion.

### 1. Ciccolelli Did Not Exhaust His Administrative Remedies

Before a defendant can pursue compassionate release in a district court, the defendant must "fully exhaust[] all administrative rights . . . ."[11] This requires a defendant to ask the Bureau of Prisons to bring a compassionate release motion on his behalf.[12] To demonstrate

---

[8] *United States v. Maumau*, 993 F.3d 821, 824 (10th Cir. 2021).

[9] *Id.* at 831 n.4.

[10] 18 U.S.C. 3582(c)(1)(A); *United States v. Akers*, 855 F. App'x 465, 466 (10th Cir. 2021) (unpublished).

[11] 18 U.S.C. § 3582(c)(1)(a).

[12] *Id.*

exhaustion of administrative remedies when a warden denies a request to file a compassionate release motion, a defendant must appeal administratively before turning to the courts.[13] The administrative process for compassionate release is governed by 28 C.F.R. § 571.63 and 28 C.F.R. § 542 subpart B. The regulations provide that an inmate dissatisfied with a warden's response may appeal to the regional director.[14] If an inmate is dissatisfied with the response from the regional director, the inmate may appeal to the general counsel using form "BP-11." "Appeal to the General Counsel is the final administrative appeal."[15] Ciccolelli has not demonstrated he exhausted his administrative remedies.

In his Reply, Ciccolelli asserts he did exhaust his administrative remedies and submitted a "BP-10" form to the regional office of the Bureau of Prisons but received no response.[16] Ciccolelli provides no evidence that he took this step beyond his assertion, but even if he did appeal to the regional director, this would not be enough. Ciccolelli does not claim he took the final step of appealing to the general counsel of the central office of the bureau of prisons as outlined in the regulations.[17] Because Ciccolelli has not demonstrated he took all the required steps to exhaust his administrative remedies, his Motion is DENIED.

---

[13] *United States v. Akers*, 855 F. App'x 465, 466 (10th Cir. 2021) (unpublished) (Defendant that had request denied by warden still failed to show that he had exhausted his administrative remedies); 28 C.F.R. § 571.63 ("When an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).").

[14] 28 C.F.R. § 542.15.

[15] *Id.*

[16] Reply at 4-5.

[17] *See* 28 C.F.R. § 542.15.

### 2.   Ciccolelli's Motion Does Not Demonstrate Extraordinary and Compelling Circumstances Support Granting His Motion

Ciccolelli points to his health and the health of his mother as extraordinary and compelling reasons that support his compassionate release.[18] A type of family circumstance that is extraordinary and compelling is where there is an "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."[19] But Ciccolelli has not demonstrated his mother's illness is incapacitating.

Ciccolelli explains in his reply that his mother "has a very serious lung disease and it is chronic . . . ."[20] However, Ciccolelli does not demonstrate his mother is incapacitated. Ciccolelli explains that his "mother's condition is not just one ailment that is causing her immediate death," but is "several serious chronic illnesses that are *at some point* going to be the death of her."[21] Despite describing serious conditions of his mother's poor health, Ciccolelli also indicates that his mother still drives a vehicle.[22] And although it sounds difficult, she also appears to take care of herself.[23] The submitted medical records from October 2022 indicate Ciccolelli's mother has COPD.[24] The medical notes describe the severity of her condition as "Asthma with moderate COPD overlap, worsening shortness of breath with chronic cough."[25] The notes also describe plans for Ciccolelli including "[m]aintain active and healthy lifestyle with weight reduction."[26]

---

[18] Reply at 5-8.

[19] U.S.S.G. 1B1.13.

[20] Reply at 1.

[21] *Id.* at 5 (emphasis added).

[22] *Id.* at 5-6

[23] *Id.*

[24] Docket no. 4-1 at 1, case no. 4:22-cv-00098-DN, filed May 8, 2023.

[25] *Id*. at 2.

[26] *Id.*

While Ciccolelli's mother does appear to have challenging health circumstances which warrant sympathy, and she is impaired, Ciccolelli has not demonstrated that she is incapacitated to justify a reduction of Ciccolelli's sentence.

Ciccolelli has also not demonstrated his described medical challenges are an extraordinary and compelling reason for reduction of his sentence. The policy statement on sentence reductions lists types of medical circumstances that are extraordinary and compelling including "terminal illness (i.e., a serious and advanced illness with an end-of life trajectory) . . . Examples include metastatic solid-tumor cancer, . . . (ALS), [and] end-stage organ disease . . . ."[27] Additionally, a "serious physical or medical condition[s]" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [the defendant] is not expected to recover" is extraordinary and compelling.[28] Ciccolelli has not argued that he has a terminal condition, so focus of evaluation is whether his claimed "very serious spinal issues which [are] chronic"[29] are an extraordinary and compelling justification for a reduction in his sentence.

In his original Motion, Ciccolelli checked the box designating a serious medical condition, but his narrative description was focused only on his mother's health and does not mention any of Ciccolelli's back issues.[30] In a July 11, 2023 letter, Ciccolelli again mentioned his mother's health and his desire to take care of her as the basis for his Motion, but offered no

---

[27] U.S.S.G. 1B1.13.

[28] *Id.*

[29] Reply at 1.

[30] Motion at 4,

information about his spine issues.[31] In fact, Ciccolelli describes in the July 2023 letter that he will even "gladly return to finish my sentence if I have to."[32]

In materials filed in case no. 4:22-cv-00098-DN, Ciccolelli described having 4 herniated discs, attempts at treatment with steroids, and a need for surgery.[33] Consistent with Ciccolelli's description, the medical reports submitted from February 2022 describe a disc herniation and a plan for steroids and physical therapy.[34] And additional subsequent medical records also show that Ciccolelli does have spine issues, and note that there was a neurosurgery consultation pending as of March 28, 2024.

Ciccolelli details some of the difficulty he has with his back, including pain in his right arm, which he describes as constant.[35] And Ciccolelli repeatedly notes he needs surgery.[36] However, Ciccolelli does not demonstrate how his back issues "substantially diminish" his ability to "provide self-care within the environment of the correctional facility," nor does he demonstrate he is not expected to recover. This is important given that surgery may be a potential future treatment that could potentially alleviate his problems. In his Reply, Ciccolelli confirms this, explaining he "has a chronic spine condition that with surgery would be just fine and place back to a normal human being."[37]

---

[31] Docket no. 42, filed July 31, 2023.

[32] *Id.*

[33] Docket no. 4 at 2, case no. 4:22-cv-00098-DN, filed May 8, 2023.

[34] Docket no. 4-4 at 1, case no. 4:22-cv-00098-DN, filed May 8, 2023.

[35] Reply at 3-4.

[36] Reply at 4.

[37] Reply at 6.

Ciccolelli also claims the primary motivation for seeking an early release is to care for his mother.[38] But if Ciccolelli has sufficient health to take care of himself and his mother, his condition is not so severe as would substantially diminish his ability to provide self-care. And August 2023 notes in Ciccolelli's medical records indicate a functional status that "reflects improved ability to perform activities of daily living to include participating in life situations and society during incarceration."[39] While Ciccolelli does describe and demonstrate medical circumstances that are painful and negative, he does not demonstrate they have reached a severity that are diminishing his ability to care for himself, nor that the condition is not expected to improve. This is another independent basis his Motion is DENIED.

### 3.  The Factors in 18 U.S.C. § 3553(a) Weigh Against a Sentence Reduction

A court considering a motion for compassionate release must consider "the factors set forth in § 3553(a), to the extent that they are applicable."[40] Listed § 3553(a) factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, the need for the sentence to deter criminal conduct and reflect the seriousness of the offense, and the need for the sentence to provide just punishment for the offense, among other factors.[41] The § 3553(a) factors weigh against granting the Motion.

The circumstances of Ciccolelli's offense were very serious. The incident was a potential domestic fight where a female was observed punching the window and side of a vehicle.[42]

---

[38] Reply at 1,

[39] Docket no. 51-1 at 21, filed March 28, 2024.

[40] 18 U.S.C. § 3582.

[41] *Id.*

[42] Docket no. 41-2 at 4-5, filed May 25, 2023.

Ciccolelli was found in that vehicle, severely intoxicated and on the side of a highway. In the car were narcotics and firearms, one of which was stolen.[43] Ciccolelli pled guilty to being a felon in possession of a firearm.[44]

Ciccolelli's criminal history spans two decades and appears primarily related to his substance abuse problems, including for theft, possession of a controlled substance, obstructing justice, more than one charge for possessing a firearm as a felon, and driving while intoxicated.[45] On one occasion in his criminal history, Ciccolelli pointed a loaded firearm at a bail enforcement officer and was taken into custody after another officer tased Ciccolelli.[46] Although Ciccolelli's substance abuse seems to be the root of his criminal conduct, Ciccolelli has not been able to complete drug treatment while incarcerated.[47] In his Reply, Ciccolelli acknowledges his struggles with his addiction and the potential reality of relapse.[48]

And although Ciccolelli does not have any listed disciplinary history for his current imprisonment, notes of medical appointment from January 12, 2024, indicate that Ciccolelli immediately went into a tirade towards staff as he demanded surgery and a transfer.[49]

While Ciccolelli accepted responsibility for his underlying criminal conduct and received an offense-level reduction at sentencing,[50] it is troubling that Ciccolelli spends efforts in his

---

[43] First Step Act Relief Eligibility Report, docket no. 41 at 5, filed May 25, 2023.

[44] Docket no. 41-2 at 4, filed May 25, 2023.

[45] *Id.* at 7-9.

[46] *Id.* at 12.

[47] Docket no. 41 at 6, filed May 25, 2023.

[48] Reply at 9.

[49] Docket no. 51-1 at 16, filed March 28, 2024.

[50] Docket no. 41-2 at 4, 7, filed May 25, 2023.

Reply to downplay his criminal conduct and history, and seemingly challenge whether he was actually guilty of the charges.[51]

Although  the health struggles of Ciccolelli and his mother invite sympathy, a sentence reduction is not appropriate here. The significant length of Ciccolelli's criminal history, his repeated combination of narcotics use while possessing firearms, and the seriousness of the offense conduct here all weigh against a sentence reduction. § 3553(a) factors including the nature and circumstances of the offense, the history and characteristics of Ciccolelli, the need to protect the public from potential further crimes by Ciccolelli, the need to impose sentences that reflect the seriousness of criminal offenses, and the need to provide deterrence to criminal conduct all weigh against a sentence reduction. This is an additional independent reason the Motion is DENIED.

## ORDER

IT IS HEREBY ORDERED that the Motion[52] is DENIED.

Signed October 3, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[51] Reply at 1-2, 7.

[52] Docket no. 39, filed April 24, 2023.